**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2318
_____

UNITED STATES OF AMERICA

v.

JOSE L. VARGAS,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:20-cr-00018-001)
U.S. District Judge: Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 1, 2025
_____

Before: SHWARTZ, MATEY, and FISHER, Circuit Judges.

(Filed: October 3, 2025)
_____

OPINION[*]
_____


SHWARTZ, Circuit Judge.

_____

  [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Jose Vargas appeals his drug convictions. His counsel has filed a motion to withdraw under Anders v. California, 386 U.S. 738 (1967). Because there are no nonfrivolous issues warranting relief, we will grant his counsel's motion and affirm.

I

While incarcerated, Ramon Medina Colon agreed to cooperate with law enforcement and placed recorded calls to Vargas about Vargas's retrieval of a backpack containing drugs from a car. During their calls, Vargas and Colon referred to the items Vargas would receive as "papers," "the book," and "jewelry," among other things. Dist. Ct. Dkt. ECF 198 at 5, 72-73, 85, 93. At one point, Colon asked Vargas what it would cost to transport the items to New York and Vargas provided Colon a price. Thereafter, a member of Colon's family delivered to the police a backpack containing, among other things, approximately 2,500 grams of methamphetamine. The police then replaced the contents with "sham" drugs and placed the backpack in a car.

Law enforcement thereafter observed Vargas leave his home, go to the parked car, and attempt to enter it, but the vehicle was locked. Colon and Vargas spoke again on the phone and Colon told Vargas that there was a key on the car's tire. Shortly thereafter, Vargas contacted Francis Fermin and offered him $200 to retrieve the backpack, and Fermin agreed. Fermin then went to the car, obtained the key, unlocked the car, removed the backpack, and drove away. Police arrested Fermin and Vargas. Vargas was found with approximately $4,600 in cash, empty zip-top bags, and multiple cell phones. Colon was deported.

2

Vargas was charged with: (1) attempted possession with intent to distribute 500 grams or more of a substance containing methamphetamine and (2) conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine, both in violation of 21 U.S.C. § 846. At trial, the Government presented the recorded calls, as well as testimony from law enforcement officers and Fermin. Fermin testified that he believed that Vargas was a drug dealer who hired him to retrieve the backpack and Vargas had said that "he felt like he was being followed . . . [by] Federal officers." Dist. Ct. Dkt. ECF 198 at 125. A jury convicted Vargas of both offenses and he was sentenced to the mandatory minimum sentence of ten years on each count, to run concurrently. 21 U.S.C. § 841(b)(1)(A).

Vargas appeals and his counsel moves to withdraw under Anders.[1]

## II[2]

Our local rules allow a criminal defendant's appellate counsel to file a motion to withdraw and an accompanying brief under Anders when he concludes, upon review of the record, that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d

---

[1] Vargas and his counsel both filed briefs.
[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. In conducting an Anders analysis, we exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988).

296, 300 (3d Cir. 2001); see also United States v. Brookins, 132 F.4th 659, 665-66 (3d Cir. 2025).[3]

A

To determine whether counsel has fulfilled his Anders obligations, we examine his brief to see if it (1) shows that he thoroughly examined the record in search of appealable issues and identified those that arguably support the appeal, Penson v. Ohio, 488 U.S. 75, 83 (1988), and (2) explains why the identified issues are frivolous, Brookins, 132 F.4th at 666.

Counsel stated that the District Court had jurisdiction and that he had conferred with his client and examined the record, including the trial transcript, in search of appealable issues. Counsel explained why the two arguments that Vargas asked counsel to raise on appeal were frivolous. Specifically, counsel concluded that (1) Vargas's Confrontation Clause rights were not violated when the recorded calls were played because Colon's testimony was not offered against him at trial and (2) Vargas's rights under the Compulsory Process Clause were not violated because there was no evidence that Colon would have offered material testimony favorable to Vargas. Vargas's counsel thus has fulfilled his Anders obligations. See Brookins, 132 F.4th at 666.[4]

---

[3] An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988); see also Brookins, 132 F.4th at 665 (observing that "[i]f there is an issue that is 'arguable' on its merits, then the appeal is not frivolous").

[4] Although counsel appropriately identified these issues, it would have also been helpful to have received counsel's view about why a sufficiency-of-the-evidence

B

Our independent review of the record accords with counsel's assessment, and none of the issues Vargas raises pro se lead to a different conclusion.[5]

1

The first issue counsel raised is whether Vargas's Sixth Amendment right to confront witnesses against him was violated because he was unable to cross-examine Colon.[6] This confrontation right bars the admission of testimonial hearsay where the defendant had no opportunity to cross-examine the declarant. Smith v. Arizona, 602 U.S. 779, 784 (2024). Testimonial hearsay includes statements offered for the truth of the matter asserted that were created "under circumstances which would lead an objective witness reasonably to believe that the statement[s] would be available for use at a later trial." Id. at 784-85 (quoting Melendez-Diaz v. Massachusetts, 557 U.S. 305, 311 (2009)). A statement offered "for a reason unrelated to its truth" is not barred under the confrontation clause. Id. at 785.

Here, Colon did not testify, and the agents did not relay his statements at trial. Moreover, although the jury heard Colon's words on the recordings, those statements

---

challenge was frivolous. Counsel's failure to raise this issue, however, does not render his Anders brief inadequate. See United States v. Langley, 52 F.4th 564, 572-73 (3d Cir. 2022).

[5] Although we are not required to address issues raised in Vargas's brief because we conclude that counsel's Anders brief is adequate, we still may analyze such issues as part of our independent investigation and do so here. See Langley, 52 F.4th at 575.

[6] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with witnesses against him." U.S. Const. amend. VI.

were not admitted for their truth. Rather, they were offered simply to establish the context for Vargas's statements and actions. See United States v. Hendricks, 395 F.3d 173, 184 (3d Cir. 2005) (holding that "if a Defendant or his or her coconspirator makes statements as part of a reciprocal and integrated conversation with a government informant who later becomes unavailable for trial, the Confrontation Clause does not bar the introduction of the informant's portions of the conversation as are reasonably required to place the defendant['s] . . . statements into context"). As a result, the Confrontation Clause is not implicated, and therefore any claim based on it lacks arguable merit.

2

The second issue, namely whether Vargas's Sixth Amendment right "to have compulsory process for obtaining witnesses in his favor," U.S. Const. amend. VI, was violated because of Colon's absence at trial, also lacks arguable merit. "[C]riminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt." Pennsylvania v. Ritchie, 480 U.S. 39, 56 (1987). To establish a violation of the right to compulsory process, a defendant "must at least make some plausible showing of how [the relevant] testimony would have been both material and favorable to his defense." United States v. Valenzuela-Bernal, 458 U.S.

6

858, 867 (1982).[7]  It is not sufficient to show that the lost testimony could have

"conceivably benefited" the defendant.  Id. at 866.

Here, there is no basis to conclude that Colon would have testified in a manner

favorable to Vargas.[8]  See United States v. Schaefer, 709 F.2d 1383, 1386 (11th Cir.

1983) (explaining that a "defendant cannot simply hypothesize the most helpful

testimony the deported witness could provide," and that there must be a "basis [in the]

record . . . to assume" testimony would be material and favorable).  In fact, it is

undisputed that Colon collaborated with law enforcement to orchestrate the operation that

resulted in Vargas's arrest.  Thus, Vargas's Sixth Amendment compulsory process claim

lacks arguable merit.

3

Vargas pro se raised the above issues as well as others, but they all fail and only

one warrants further discussion.[9]  Specifically, Vargas argues that the evidence was

---

[7] Material evidence is that which is likely to affect the outcome of the defendant's
trial.  Orie v. Sec'y Pa. Dept. of Corr., 940 F.3d 845, 855 (3d Cir. 2019).

[8] Vargas argues on appeal that he and Colon were arranging a purchase of gold
jewelry and not drugs, but this lacks even arguable merit.  The only reference to jewelry
was in one call, and it was used along with many other nouns, including "documents,"
"papers," and "book," to refer to the same to-be-exchanged item.  Dist. Ct. Dkt. ECF 198
at 5, 72-73, 85, 93 & ECF 199 at 88.  The jury was entitled to infer that the use of these
various words was an effort to conceal the subject of their discussion, and we must defer
to the jury's appraisal of the evidence and its conclusion that the discussion was about
drugs.  United States v. Caraballo-Rodriguez, 726 F.3d 418, 431 (3d Cir. 2013) (en banc).

[9] Among other things, Vargas seems to assert that his counsel was inadequate, but
ineffective assistance of counsel claims are generally not appropriate for direct appeal
and instead should be raised in collateral habeas proceedings.  See, e.g., United States v.
Jake, 281 F.3d 123, 132 n.7 (3d Cir. 2002).  In a separate letter, Vargas argues pro se that

7

insufficient to support his conviction for conspiracy and attempted possession with intent to distribute a controlled substance.[10] In assessing sufficiency, "[w]e review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt[] beyond a reasonable doubt." United States v. Caraballo-Rodriguez, 726 F.3d 418, 430 (3d Cir. 2013) (en banc) (internal quotation marks omitted). "While evidence proffered at trial may be consistent with multiple possibilities, our role as a reviewing court is to uphold the jury verdict—and not to usurp the role of the jury—as long as it passes the 'bare rationality' test." Id. at 432.

Here, there would be no arguable merit to a sufficiency of the evidence claim. The jury heard evidence that (1) Vargas and Colon discussed the transaction in recorded calls, (2) law enforcement observed Vargas attempt to enter the car in which Colon had indicated he would place the backpack that had contained the drugs, (3) Vargas offered to pay Fermin to pick up the backpack for him and Fermin testified that he believed Vargas was a drug-dealer concerned about being followed by law enforcement, and (4) Vargas was found with approximately $4,600 in cash, multiple cell phones, which contained

_____

he was entitled to a missing witness jury instruction. This argument has no arguable merit because the jury received such an instruction.

[10] To prove attempt, the Government must show that Vargas had "(1) an intent to engage in criminal conduct and (2) [took] a substantial step toward the commission of the substantive offense which corroborates that intent." United States v. Hayward, 359 F.3d 631, 644 (3d Cir. 2004). "To prove a conspiracy, the [G]overnment must show: (1) a shared unity of purpose; (2) an intent to achieve a common illegal goal; and (3) an agreement to work toward that goal." Caraballo-Rodriguez, 726 F.3d at 425. The Government was required to prove these elements, as they related to the substantive controlled substances offenses, to the jury beyond a "reasonable doubt." See Alleyne v. United States, 570 U.S. 99, 111-12 (2013); 21 U.S.C. § 841(a)-(b).

evidence of the recorded calls to Colon, and empty zip-top bags, which could be used to package the drugs for distribution.  Given this evidence, Vargas's claim that the jury's verdict fails to pass the "bare rationality" test lacks arguable merit.  Id.

### III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.

9